**Jin Shun CHEN, Petitioner,**

v.

**Michael B. MUKASEY, Respondent.**

No. 08–1276–ag.

United States Court of Appeals, Second Circuit.

Sept. 4, 2008.

Sheema Chaudhry, New York, NY, for Petitioner.

Gregory G. Katsas, Acting Assistant Attorney General, Barry J. Pettinato, Assistant Director, Robbin K. Blaya, Trial Attorney, United States Department of Justice, Office of Immigration Litigation, Washington, DC, for Respondent.

PRESENT: Hon. JOSÉ A. CABRANES, Hon. B.D. PARKER, and Hon. RICHARD C. WESLEY, Circuit Judges.

### SUMMARY ORDER

Petitioner Jin Shun Chen, a native and citizen of China, seeks review of the February 26, 2008 order of the BIA affirming the June 29, 2006 decision of Immigration Judge ("IJ") George T. Chew denying Chen's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Jin Shun Chen*, No. A98 720 466 (B.I.A. Feb. 26, 2008), *aff'g* No. A98 720 466 (Immig. Ct. N.Y. City Jun. 29, 2006). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA summarily affirms the decision of the IJ without issuing an opinion, see 8 C.F.R. § 1003.1(e)(4), we review the IJ's decision as the final agency determination. *See, e.g., Twum v. INS*, 411 F.3d 54, 58 (2d Cir.2005); *Yu Sheng Zhang v. U.S. Dep't of Justice*, 362 F.3d 155, 159 (2d Cir.2004). We review the agency's factual findings, including adverse credibility findings, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see also Corovic v. Mukasey*, 519 F.3d 90, 95 (2d Cir.2008).

For applications governed by the REAL ID Act of 2005, the agency may, considering the totality of the circumstances, base a credibility finding on an asylum applicant's demeanor, the plausibility of his or her account, and inconsistencies in his or her statements, without regard to whether they go "to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii); *see also Xiu Xia Lin v. Mukasey*, 534 F.3d 162, *166 (2d Cir.2008).

We find that the agency's adverse credibility determination is supported by substantial evidence. That determination was properly based on the overall implausibility of Chen's account, internal inconsistencies in his testimony, and discrepancies between that testimony and the documentary evidence he submitted. The IJ found implausible that Chen and his wife went to

a government hospital in Fuzhou to deliver their second child despite fearing that the pregnancy would be aborted and that she would be forcibly sterilized. That finding was not the result of bald speculation where it was tethered to the record, i.e., Chen's own testimony and personal statement. *See Wensheng Yan v. Mukasey,* 509 F.3d 63, 66–67 (2d Cir.2007). Indeed, it is understandable that the IJ found Chen's story, as a whole, farfetched where the picture that emerges is that of a couple who visited a private doctor to have a required intra-uterine device removed, avoided the registration of their marriage in order to have more children, hid their second pregnancy from family planning authorities, but then went to a government-run hospital to have their second child. *See Ying Li v. BCIS,* 529 F.3d 79, 83 (2d Cir.2008).

The IJ also based his adverse credibility determination on an inconsistency in Chen's testimony regarding the date of the notification for sterilization that he allegedly received after the birth of his second child. Chen initially testified that his second child was born in August 2001 and that he was ordered to be sterilized in January 2002. However, Chen testified during cross-examination that he was ordered to be sterilized some time after January 2001. The IJ was unconvinced by Chen's counsel's attempt to explain this inconsistency. *Majidi v. Gonzales,* 430 F.3d 77, 81 (2d Cir.2005). Chen has not challenged this finding in his brief to this Court. *Yueqing Zhang v. Gonzales,* 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir.2005).

In addition, the IJ noted that while Chen stated in his asylum application that his wife left their two children at her aunt's home before she departed to Fuzhou City, Chen submitted a letter from his wife's aunt which made no mention of being left to care for the children. Again,

Chen fails to challenge this finding. *See id.*

The agency properly relied on the discrepancies noted above where they called into question the entirety of Chen's claim. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin,* 534 F.3d at 166–67. Absent any challenge to two of the IJ's findings, we are not compelled to disturb the IJ's adverse credibility determination.

Because Chen was properly found not credible, he failed to show the necessary subjective basis for a well-founded fear of future persecution. *Ramsameachire v. Ashcroft,* 357 F.3d 169, 183 (2d Cir.2004). Thus, the agency's denial of asylum was proper. In addition, because Chen's claims for withholding of removal and CAT relief had the same factual predicate as his asylum claim, the adverse credibility determination as to his asylum claim necessarily precludes success on his other claims. *See Paul v. Gonzales,* 444 F.3d 148, 156–57 (2d Cir.2006) (Withholding); *Xue Hong Yang v. U.S. Dep't of Justice,* 426 F.3d 520, 523 (2d Cir.2005) (CAT).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).